UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GABRIELLE McGRADY,
o/b/o R.S., a minor,

                    Plaintiff,

    v.                                    **DECISION AND ORDER**
                                                          18-CV-87

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                    Defendant.

---

## INTRODUCTION

Plaintiff, on behalf of her child, R.S., challenges an Administrative Law Judge's ("ALJ") determination that R.S. is not entitled to benefits under the Social Security Act ("the Act"). Plaintiff alleges that R.S. became disabled on December 1, 2013, at the age of five, due to his "trouble concentrating" and "defiant behavior." Tr.[1] at 129, 63. Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record and is based on erroneous legal standards.

Presently before this Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 14, 17). For the reasons set forth below, this Court finds that the decision of the Commissioner is supported by substantial evidence and consistent with applicable legal

---

[1] "Tr." refers to the Social Security Transcript which appears at Docket No. 8.

standards. Thus, the Commissioner's motion for judgment on the pleadings (Dkt. No. 17) is granted and Plaintiff's motion (Dkt. No. 14) is denied.

**PROCEDURAL HISTORY**

On March 11, 2014, Plaintiff filed an application for Supplemental Security Income (SSI) benefits for R.S., which was denied at the initial level. Tr. at 13, 78-83. Upon Plaintiff's written request, an ALJ held an administrative hearing on August 10, 2016, at which R.S. and his mother, who were represented by counsel, testified. Tr. at 33-68. On January 11, 2017, the ALJ issued a decision finding that R.S. was not disabled. Tr. at 13-28. After the Appeals Council denied her request for review, Plaintiff filed the current action challenging the ALJ's final decision to the United States District Court for the Western District of New York on January 17, 2018. Dkt. No. 1.

**DISCUSSION**

**Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the district court must only decide whether the Commissioner applied the appropriate legal standards in evaluating the plaintiff's claim, and whether the Commissioner's findings were supported by substantial evidence in the record. *See Mongeur v. Heckler,* 722 F.2d 1033, 1038 (2d Cir. 1983). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might

2

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the Court finds no legal error, and that there is substantial evidence for the Commissioner's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position. *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**Standard for Disabled Child's SSI Benefits**

An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. §§ 416.924 (a)-(d).

First, the ALJ determines whether the child is engaged in any substantial gainful activity. 20 C.F.R. § 416.924(b). Second, if the child is not engaged in any substantial gainful activity, the ALJ determines whether the child has a medically severe impairment or combination of impairments that cause "more than a minimal functional limitation." 20 C.F.R. § 416.924(c). Third, the ALJ determines whether the child's severe

impairment(s) or combination of impairments, medically equals, or functionally equals the criteria of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). *See Conlin*, 111 F. Supp. 3d at 384-85.

Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. § 416.924(d)(1). If a child's impairment or combination of impairments does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926(a), (b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(d). "A 'marked' limitation exists when the impairment 'interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities.'" *Hart v. Colvin,* No. 12-CV-1043-JTC, 2014 WL 916747, at *3 (W.D.N.Y. Mar. 10, 2014) (citing 20 C.F.R. § 416.926a(e)(2)(i)). "An 'extreme' limitation is an impairment which 'interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities.'" *Id.* (citing 20 C.F.R. § 416.926a(e)(3)(i)).

**ANALYSIS**

Applying the three-step evaluation in the instant case, the ALJ determined that: (1) R.S. had not engaged in substantial gainful activity since March 11, 2014, the application date (Tr. at 16); (2) R.S.'s attention deficit hyperactivity disorder ("ADHD"), speech delay, and asthma were severe impairments (Tr. at 16); and (3) R.S. did not have an impairment or combination of impairments that met or medically equaled an impairment contained in the Listing of Impairments (Tr. at 16).

Assessing the impact of R.S.'s impairments in the six relevant domains, the ALJ concluded that his deficits did not functionally equal a listed impairment. Tr. at 16-28. The ALJ started with the premise that R.S. was a school-aged child when his mother filed the application for benefits and was a school-aged child at the time of the decision. Tr. at 16. He determined that R.S. had a "marked" limitation in only one domain, that relating to attending and completing tasks; and either less than marked or no limitation in the remaining five domains. Tr. at 16-28. Thus, the ALJ concluded that R.S. was not disabled and was not entitled to benefits. Tr. at 28.

Plaintiff argues that the ALJ erred in giving "little weight" to two Functional Equivalence Assessments: one from R.S.'s pediatrician, Dr. Edward Brown ("Brown Assessment"), and a second one prepared by two individuals, R.S's Mental Health Counselor Jessica Whitley and Nurse Practitioner Diana Page ("Whitley/Page Assessment"). Dkt. No. 14-1, pp. 11-19. Both Assessments indicated, without explanation, that R.S. had a "marked" limitation in two domains: acquiring and using

5

information and attending and completing tasks. Tr. at 300-302; 305-307. Thus, if credited, the Assessments would have supported a finding of disability. The Commissioner contends, and this Court agrees, that the ALJ properly evaluated the two opinions for the reasons that follow.

**The Treating Physician Rule**

The "treating physician" rule requires ALJ's to give "deference to the views of the physician who has engaged in the primary treatment of the claimant." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). Specifically, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(2)). "Medically acceptable clinical and laboratory diagnostic techniques include consideration of a patient's report of complaints, or history, as an essential diagnostic tool." *Id.* (quotation marks and brackets omitted).

An ALJ may decline to give "controlling" weight to the opinion of a claimant's treating physician, but must "consider several factors in determining how much weight [the physician's opinion] should receive," *Id.* at 129, including:

> the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security

6

Administration's attention that tend to support or contradict the opinion.

*Ecklund v. Comm'r*, 349 F. Supp. 3d 235, 242 (W.D.N.Y. 2018) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).

If an ALJ decides not to give "controlling" weight to a claimant's treating physician, "the ALJ must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion." *Burgess*, 537 F.3d at 129 (quotation marks omitted). The ALJ need not "explicitly walk through" the factors identified above, "so long as the Court can conclude that the ALJ applied the substance of the treating physician rule." *Eckland*, 349 F. Supp. at 242 (quotation marks omitted). Nonetheless, "[f]ailure to provide . . . good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." *Burgess*, 537 F.3d at 129-30 (quotation marks omitted). Because the "'good reasons' rule exists to ensure that each denied claimant receives fair process, an ALJ's failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight given denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *McCarthy v. Colvin*, 66 F. Supp. 3d 315, 323 (W.D.N.Y. 2014) (quotation marks and citations omitted). Of course, the ALJ's reasons for discounting a treating physician's opinion must also be "supported by [specific] evidence in the case record." *Id.* at 323 (quotation marks omitted).

**Dr. Brown's Opinion**

The ALJ explicitly gave "little weight" to Dr. Brown's February 15, 2016 Assessment, reasoning that Dr. Brown's opinions were given "without explanation" and that "claimant sees Dr. Brown relatively infrequently and not for treatment of his ADHD, making the basis for his opinion unclear." Tr. at 20, 22. These are both factually correct and legally legitimate reasons for rejecting Dr. Brown's opinion that R.S. had "marked" limitations in two domains. The Brown Assessment was only two pages long, consisting of five headings (the domains) with multiple-choice options (severity of limitation) ranging from "None" to "Extreme." Tr. at 306-307. Dr. Brown circled "Marked" under two of the headings but did not cite to any medical findings or otherwise offer any basis for his answer. Tr. at 301. This alone was a valid reason for the ALJ to assign the Brown Assessment "little weight." *See* 20 C.F.R. § 416.927(c)(3) (stating that the Social Security Agency will give more weight to an opinion supported by relevant evidence).

Secondly, the record shows that R.S. saw Dr. Brown infrequently, and only for treatment of asthma and other physical ailments. Tr. at 352, 355, 360, 362, 364. Dr. Brown never treated R.S. for ADHD, which is the only one of R.S.'s impairments that would impact his ability to acquire and use information, the domain in dispute in R.S.'s case. Tr. at 22. An ALJ may properly discount a treating physician's opinion where that physician did not treat the claimant for the impairment the doctor opined was disabling. *Johnson v. Astrue*, 628 F.3d 991, 994 (8th Cir. 2011). Plaintiff argues that the ALJ did not discuss the regulatory factors for considering medical opinions. The ALJ is not required to do so; rather, he or she is only required to consider the factors. *See*

8

*Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (the regulations do not require a "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear); *Halloran v. Barnhart,* 362 F.3d 28, 31-32 (2d Cir. 2004) (per curiam). The ALJ clearly considered the factors in R.S.'s case.

Moreover, the ALJ was not, as Plaintiff argues, required to follow up with Dr. Brown to clarify the opinion. While the SSA has a duty to develop the record, 20 C.F.R. § 404.1545(a)(3), that duty only arises if there is insufficient evidence to reach a determination on disability. 20 C.F.R. § 416.920b(b). The records relating to R.S.'s ability to acquire and use information, which consisted of teacher questionnaires, speech-language testing, Individualized Education Plans, and medical records, were voluminous and were more than sufficient to evaluate whether R.S. was disabled.

**"Other Opinion" Evidence**

Plaintiff also claims that the ALJ did not properly weigh the Whitley/Page Assessment, a form identical to that filled out by Dr. Brown. Tr. at 300-302. Whitley and Page completed the form as representatives of Monsignor Carr Institute, where R.S. received mental health counseling. Tr. at 300. As an initial matter, neither a nurse practitioner nor a therapist is an "acceptable medical source" under 20 C.F.R. § 416.913. Instead, each is considered an "other source." SSR 06-03p; 20 C.F.R. § 416.927(c). An "other source" cannot be considered a treating source under the regulations — thus, an opinion from an "other source" is not entitled to controlling weight and not considered a medical opinion. 20 C.F.R. §§ 416.927(a)(2); 416.927(c); SSR 06-03p. Ultimately, the

9

ALJ is "free to decide that the opinions of 'other sources' . . . are entitled to no weight or little weight . . . ." *Oaks v. Colvin,* No. 13-CV-917-JTC, 2014 WL 5782486, at *8 (W.D.N.Y. Nov. 6, 2014).

The ALJ properly assigned "little weight" to the Whitley/Page Assessment stating that R.S. had marked limitations in acquiring and using information, because it conflicted with the evidence from R.S.'s teachers showing improvement in speech and academic performance. Tr. at 22. Indeed, the record reflects that after R.S. was prescribed Adderall on January 28, 2016, his performance in both of these areas improved significantly. Tr. at 221. For example, on February 25, 2016, R.S.'s mother reported to R.S.'s mental health counselor that "school is good." Tr. at 342. R.S.'s April 2016 Individualized Education Plan stated that R.S. was "feeling more success academically" after he repeated first grade and was benefitting from "prompt feedback, firm expectations, and positive praise." Tr. at 21, 235. This was approximately three months after the Whitley/Page Assessment was completed. Tr. at 302.

The ALJ also identified evidence from the record which contradicted the Whitley/Page Assessment. Specifically, he cited to the July 2016 questionnaire from R.S.'s first grade teacher, Michele Devans ("Devans Questionnaire"), who indicated that R.S. had a "serious" problem in only two of ten areas within the domain of acquiring and using information. Tr. at 24, 244. Ms. Devans' opinion was particularly probative of his abilities because she had taught R.S. for almost two years. Tr. at 243. Her evaluation of R.S.'s abilities in this domain was consistent with the comprehensive evaluation from

10

Buffalo Hearing and Speech from 2014, also cited to by the ALJ, which indicated that R.S. had only "mild" receptive and expressive language disorders. Tr. at 308-314. For all of these reasons, the ALJ was justified in giving "little weight" to the Whitley/Page Assessment. 20 C.F.R. § 416.927(c)(4) (stating that the SSA will give more weight to an opinion that is consistent with the record as a whole).

The ALJ also logically opined that R.S.'s academic problems were not caused solely by his ADHD, but were due in part to his excessive absenteeism. Tr. at 22. According to the Devans Questionnaire, R.S. "missed well over 20 days of school in 14-15 and was retained in grade1[;] he missed another 20+ days in 15-16 and was late almost every day, often . . . coming in up to two hours late," and explaining "mom overslept." Tr. at 243, 250. According to Ms. Devans, R.S. "has never had a note from a medical professional stating illness" to excuse his numerous absences or late arrivals. Tr. at 249. Ms. Devans stated that when R.S. came in late, he would miss "morning movement group, resource room, and literacy instruction, possibly our recess as well," that this would put R.S. in a "grumpy" mood and result in R.S. "refusing small group instruction and not completing work until he was feeling better." Tr. at 248. These substantial disruptions to R.S.'s school schedule most certainly interfered with his academic development, and the ALJ justifiably gave the Devans Questionnaire "significant weight" in concluding that R.S. was not disabled. Tr. at 22.

After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the evidence in rendering his decision that R.S. is not disabled within the meaning of the Act.

**CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is not legally flawed and is based on substantial evidence.

Accordingly, IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 17) is GRANTED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

DATED:   Buffalo, New York
         September 26, 2019

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**